IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENITO JULIAN LUNA,

    Plaintiff,                          No. CIV S-02-0706 DFL JFM P

    vs.

SACRAMENTO COUNTY
SHERIFFS, et al.,

    Defendants.                   ORDER

_____/

        Plaintiff is a prison inmate proceeding pro se and in forma pauperis with a civil rights action. On October 5, 2005, plaintiff filed a "motion for appointment of counsel" and an "ex parte motion for assignment of counsel, and supporting memorandum of points and authorities and declaration." These documents were not served on opposing counsel.

        Plaintiff's requests for appointment of counsel are not properly the subject of an ex parte request. Ordinarily, the requests would not be considered in the absence of proof that the request had been served on all parties to this action. However, since counsel for defendants received notice of plaintiff's requests through CM/ECF, the court's electronic filing system, the court will consider plaintiff's requests. Plaintiff is cautioned, however, that all court filings must be served on parties to this litigation. See Local Rule 5-135.[1]

---

[1] Ex parte requests are only considered in extraordinary circumstances not generally encountered in the course of civil litigation.

Plaintiff has previously filed requests for appointment of counsel in this action. Plaintiff's prior requests for appointment of counsel have been denied. (See Orders filed November 10, 2003, January 3, 2003, May 8, 2002 and February 13, 2004.) For the reasons set forth in those orders, plaintiff's October 5, 2005 requests will be denied.

On October 4, 2005, plaintiff timely filed his pretrial statement and pretrial exhibits. Although plaintiff provided a signed proof of service for this filing, he declared he served the court with the filing, not counsel for defendants. Plaintiff is required to serve all documents in this action conventionally in accordance with the relevant provisions of Fed. R. Civ. P. 5. See Local Rule 5-135(b). Since an attorney has filed a document with the court on behalf of defendants, documents submitted by plaintiff must be served on that attorney and not on the defendant. Fed. R. Civ. P. 5(b)(1). Conventional service is usually accomplished by mailing a copy of the document to the attorney's address of record. See Fed. R. Civ. P. 5(b)(2)(B). Plaintiff must include with every document filed in this action a certificate stating the date an accurate copy of the document was mailed to defendants' attorney and the address to which it was mailed. See Local Rule 5-135(b) and (c).

Accordingly, IT IS HEREBY ORDERED that plaintiff's October 5, 2005 requests for appointment of counsel is denied (Docket Nos. 72 & 73).

DATED: October 12, 2005.

UNITED STATES MAGISTRATE JUDGE

/luna0706.thr