IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENITO JULIAN LUNA,

    Plaintiff,                    No. CIV S-02-0706 DFL JFM P

    vs.

DEPUTY THUREIN,

    Defendant.                    <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. On February 9, 2006, this court issued its pretrial order and allowed the parties fifteen days in which to file objections. Defendant filed objections on February 24, 2006. On November 16, 2006, this court held a telephonic status conference. Plaintiff appeared in propria person. Jonathan B. Paul appeared for defendant. During the hearing, counsel for defendant provided the following information for inmate witnesses:

        1. Mr. Chris Ayala - K-72219, Salinas Valley State Prison

        2. Mr. Charles Pyle - T-21570, Mule Creek State Prison

        3. Mr. Rene Cazares - J-37672, Kern Valley State Prison

        4. Mr. Angel Fierro - T-58080, discharged from the California Department of Corrections on September 23, 2004. No further information was provided on Mr. Fierro's location.

1

1	After discussion as to the proposed testimony of these witnesses, the parties
2	agreed that writs of habeas corpus ad testificandum should issue only for witnesses Pyle and
3	Cazares.  Accordingly, at the appropriate time prior to the re-set jury trial date, this court will
4	issue writs of habeas corpus ad testificandum for the attendance of inmate witnesses Pyle and
5	Cazares at trial in this matter.  The final pretrial order will be revised to list plaintiff,  Pyle and
6	Cazares as the sole inmate witnesses to be present for trial.
7	The court now turns to the remaining objections to the pretrial order.
8	Defendant objects to the inclusion of facts relative to R.N. Harns as he was earlier
9	dismissed from this case.  Good cause appearing, the court has removed those portions from the
10	undisputed facts portion of the pretrial order.  However, the facts concerning plaintiff's injuries
11	will remain.
12	Defendant objects to the court's characterization of the disputed facts in this case
13	and asks the court to adopt defendant's version of the disputed facts because plaintiff included
14	defendant's nine disputed factual issues in his pretrial statement.  Good cause appearing,
15	defendant's objections are sustained.  The court will adopt the disputed facts as characterized by
16	defendant and accepted by plaintiff.
17	Defendant objects to plaintiff's wholesale adoption of defendant's witness list.
18	Defendant asks the court to require plaintiff to swear out an affidavit as called for in page three of
19	the amended scheduling order to discern what factual issues plaintiff intends to garner from each
20	witness to avoid needless delay.  However, the scheduling order provides for such affidavits to be
21	prepared in connection with the testimony of incarcerated witnesses.
22	Defendant also contends that in discovery plaintiff only identified four witnesses:
23	plaintiff, Deputy Herrera, Deputy Thurein and Sgt. Weist.  Defendant argues that plaintiff should
24	be limited to calling these witnesses identified during discovery.  The court has noted defendant's
25	objection and said objection will be reserved to trial.
26	/////

In addition, defendant objects to the court allowing plaintiff to adopt defendant's list of exhibits. Defendant intends to provide these exhibits at trial. To the extent plaintiff wishes to refer to these exhibits, defendant will not be prejudiced by plaintiff's use thereof. Accordingly, defendant's objection is overruled.

Finally, defendant objects to the court's order requiring him to take any steps necessary to facilitate execution of writs issued for the attendance of plaintiff at trial. The court did not direct defendant to prepare the writ; the court will issue the writ for plaintiff's attendance at the appropriate time. Defendant's objection is therefore overruled.

A final pretrial order incorporating the above will issue separately.

On March 15, 2006, plaintiff filed a request for the court to provide plaintiff with 18 subpoenas for the attendance of witnesses at trial. Initially, the court notes one of the subpoenas sought was for plaintiff's attendance at trial. Plaintiff is advised that the court will issue a writ of habeas corpus ad testificandum for plaintiff's attendance at trial; thus, he is not required to prepare a subpoena. The witnesses named by plaintiff as "experts" were named by defendant; plaintiff need not subpoena these witnesses at this time. The remaining witnesses were the four inmate witnesses whose attendance was resolved at the November 16, 2006 status conference. Accordingly, plaintiff's request for subpoenas will be denied.

On September 14, 2006, plaintiff filed a motion for pretrial conference and a motion for production of plaintiff at the pretrial conference or, in the alternative, to order a pretrial conference "via telephone or audio-video connection." (Id.) Plaintiff is advised that pursuant to this court's prior scheduling order, the pretrial conference was handled on the papers, without appearance by either side, and the initial pretrial order issued February 9, 2006. No further pretrial conference will be set. As noted above, the court will provide the writ for the attendance of plaintiff at trial.

Plaintiff also asks for the court to convene a settlement conference. Defendant filed an opposition to this request, stating such a settlement conference would be futile given

"defendant is only willing to offer a waiver of costs and attorneys fees in exchange for a dismissal with prejudice from plaintiff." (September 15, 2006 Opp'n at 1.)  In light of defendant's position, plaintiff's request  will be denied.

Thus, plaintiff's September 14, 2006 motions will be denied.

On November 1, 2006, plaintiff filed a letter addressed to the Office of the Clerk. Plaintiff asks questions regarding his custodial housing and transportation to the court which are better posed to prison officials.  Plaintiff should raise such questions with the litigation coordinator of the institution where he is presently incarcerated.  Insofar as plaintiff's request concerning "attorney privileges" and/or "attorney visits," if plaintiff retains counsel to represent him at trial, said counsel would be provided access to plaintiff before and during the trial. However, to the extent plaintiff is asking the court to appoint counsel to represent him at trial, this court will not appoint counsel to represent plaintiff at trial.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. The objections to the February 9, 2006 pretrial order are sustained in part and overruled in part, as noted above (docket no. 83); by separate order the court will issue a Final Pretrial Order.

2. Plaintiff's April 17, 2006 request for subpoenas is denied (docket no. 88).

3. Plaintiff's September 14, 2006 request and motion are denied (docket nos. 91, 92).

4.  Plaintiff's November 1, 2006 request for the appointment of counsel is denied (docket no. 94).

DATED:  November 27, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

/001;luns0706.851